1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JESSE KING,

11            Plaintiff,                    No. 2:10-cv-2797 JAM DAD (PC)

12        vs.

13   MIKE MCDONALD, et al.,

14            Defendants.          FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Plaintiff claims that defendants Bigford and Carter have violated his rights to

18   due process and to access the courts by destroying his legal materials while plaintiff was facing a

19   court deadline.  Plaintiff has moved for a preliminary injunction requiring prison officials to

20   transfer him to another prison.  Defendants oppose the motion.

21            The legal principles applicable to a request for injunctive relief are well

22   established.  The principal purpose of preliminary injunctive relief is to preserve the court's

23   power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11

24   Federal Practice and Procedure, §2947 (1973); see also Fed. R. Civ. P. 65; Gon v. First State Ins.

25   Co., 871 F.2d 863 (9th Cir.1989).  "The proper legal standard for preliminary injunctive relief

26   requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to

1

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). See also Center for Food Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009).   The Ninth Circuit has found, however, that the "serious question" version of this circuit's sliding scale approach survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir.  2011).  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  632 F.3d at 1135.  Finally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

In his motion, plaintiff contends that he has been denied meaningful access to the prison law library at High Desert State Prison (High Desert), where he is presently incarcerated. Plaintiff also contends, inter alia, that guards have repeatedly "trashed" his cell and taken pens, envelopes and legal material, that the prison law library is inadequate and not open enough, and that the amount of legal supplies provided is insufficient.  In opposition to the motion, defendants present evidence which raises a dispute about at least one of the incidents in which plaintiff's cell

1   was allegedly trashed and his legal materials confiscated.  Defendants have also presented

2   evidence, inter alia, that plaintiff accessed the prison law library at High Desert on numerous

3   occasions in 2011.

4           The pending motion implicates plaintiff's constitutional right to access the courts.

5   In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison

6   inmates have a constitutionally protected right to access the courts to bring civil rights actions to

7   challenge their conditions of confinement and to bring challenges to their criminal convictions.

8   Lewis v. Casey, 518 U.S. at 351.  The right of access to the courts "guarantees no particular

9   methodology but rather the conferral of a capability -- the capability of bringing contemplated

10  challenges to sentences or conditions of confinement before the courts."  Id. at 356.  In order to

11  demonstrate a sufficient threat of irreparable harm to warrant some form of injunctive relief,

12  plaintiff would have to present evidence that would show that the events complained of have

13  could, if left unremedied, cause him to lose this action.  Id. [1]  Plaintiff has not met this burden.

14  Specifically, he has not demonstrated that he is threatened with irreparable injury to his ability to

15  litigate this action as a result of the alleged events and conditions at High Desert.

16          Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's August 1, 2011

17  motion for injunctive relief be denied.

18  /////

19

20      [1]  The motion pending before the court does not arise from acts or omissions by either of
    the defendants against whom this action is proceeding.  As a general rule this court is unable to

21  issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio
    Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  However, the fact that injunctive relief

22  is sought from one not a party to litigation does not automatically preclude the court from acting.
    The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate

23  in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act
    is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber

24  Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has
    authorized the use of the All Writs Act in appropriate circumstances against persons or entities

25  not a party to the underlying litigation.  United States v. New York Telephone Co., 434 U.S. 159,
    174 (1977).  Given these principles, injunctive relief would only be available to plaintiff, if at all,

26  if his ability to pursue this action was threatened.

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6  objections shall be filed and served within fourteen days after service of the objections.  The

7  parties are advised that failure to file objections within the specified time may waive the right to

8  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: December 6, 2011.

10

11  _____

12  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

13

14  DAD:12
    king2797.pi

15

16

17

18

19

20

21

22

23

24

25

26