IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE KING,

    Plaintiff,                    No. 2:10-cv-2797 JAM DAD P

    vs.

MIKE McDONALD, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims against defendants W. Bigford and Leslie Carter raised in plaintiff's original complaint, filed October 15, 2010. Plaintiff alleges that defendants Bigford and Carter interfered with his right to access the courts by destroying many of plaintiff's legal materials while he had a pending court deadline and without allowing him to send the materials home. On February 3, 2012, defendants filed a motion for summary judgment. Plaintiff sought and received two extensions of time to oppose the motion. See Orders filed March 13, 2012 (Doc. No. 45) and April 4, 2012 (Doc. No. 48). Pursuant to the last of those orders, plaintiff's opposition was due on or about May 4, 2012. See Order filed April 4, 2012 (Doc. No. 48) at 2. Nonetheless, plaintiff has still not filed an opposition to the motion.

/////

1

1            On April 30, 2012, plaintiff filed a first amended complaint.  On May 2, 2012,
2   defendants filed an opposition construing the amended complaint as including a motion to
3   amend.  Defendants oppose plaintiff's attempt to amend his complaint on the grounds of undue
4   delay and prejudice.  On May 16, 2012, plaintiff filed a reply brief.  Therein, plaintiff asserts that
5   he is entitled to amend his complaint once as of right based on his belief that defendants moved
6   for summary judgment without answering the complaint and that a motion for summary
7   judgment is not a responsive pleading within the meaning of Fed. R. Civ. P. 15.

8            Plaintiff is incorrect in this regard.  Defendants answered his complaint on July
9   15, 2011   (Doc. No. 28).  Thus, plaintiff is not entitled to amend his complaint as of right.  See
10  Fed. R. Civ. P. 15(a)(2).  Plaintiff has not sought leave of court to amend his complaint, and the
11  time for filing pretrial motions in this action closed on February 23, 2012.  See Discovery and
12  Scheduling Order, filed February 23, 2012 (Doc. No. 33), at 6.  For these reasons, plaintiff's first
13  amended complaint will be disregarded.

14           As noted above, plaintiff has not filed an opposition to defendants' motion for
15  summary judgment.  The claim raised in plaintiff's proposed first amended complaint arises from
16  the same set of facts as the claim on which this action is proceeding.  However, in the proposed
17  first amended complaint plaintiff alleges that he requires a C-PAP machine for sleep apnea, that
18  prison officials had possession of his C-PAP machine following his transfer to High Desert State
19  Prison, and that defendants Bigford and Carter destroyed his legal materials in retaliation for
20  plaintiff's efforts to get his C-PAP machine back.  Plaintiff does not include a claim of
21  interference with access to the courts in his proposed first amended complaint.

22           At this juncture, the court is unable to determine whether plaintiff has any
23  opposition to defendants' motion for summary judgment.  Good cause appearing, plaintiff will be
24  granted one final thirty day period in which to file and serve an opposition or a statement of non-
25  opposition to the pending motion.  No further extensions of time will be granted for this purpose.
26  Plaintiff is cautioned that failure to comply with this order will result in a recommendation that

this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41b.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 30, 2012 first amended complaint (Doc. No. 49) is disregarded.

2. Plaintiff is granted one final period of thirty days from the date of this order in which to file an opposition or a statement of non-opposition to the February 3, 2012 motion for summary judgment.  No further extensions of time will be granted for this purpose.  Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41b.

3. Defendants' reply to an opposition, if any, shall be filed and served not later than seven days after service of an opposition.

DATED: June 6, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
king2797.o

3