1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8    JESSE KING,

9              Plaintiff,              No. 2:10-cv-2797 JAM DAD P

10             vs.

11   MIKE MCDONALD, et al.,

12             Defendants.             <u>ORDER</u>

13   _____/

14             Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

15   42 U.S.C. § 1983.  On February 3, 2012, defendants filed a motion for summary judgment in

16   this action pursuant to Federal Rule of Civil Procedure 56.  Despite two orders directing him to

17   file an opposition or statement of non-opposition, plaintiff failed to timely oppose the motion.

18   For that reason, on July 31, 2012, this court issued findings and recommendations recommending

19   dismissal of this action pursuant to Fed. R. Civ. P. 41(b).  On August 15, 2012, plaintiff filed a

20   motion seeking a ninety day extension of time to file an opposition to the motion for summary

21   judgment and a motion for copies.  In the latter motion, plaintiff contends that he is without any

22   of his legal materials and that he mailed his opposition to a motion to dismiss.  Court records

23   reveal that no opposition to defendants' motion for summary judgment has yet been filed in this

24   action.

25             After review of the record, and good cause appearing, the July 31, 2012 findings

26   and recommendations will be vacated.  In light of the July 6, 2012 decision of the United States

1  Court of Appeals for the Ninth Circuit in <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012), and

2  good cause appearing, defendants' motion for summary judgment will be denied without

3  prejudice to its renewal within forty-five days from the date of this order, and defendants will be

4  directed to inform the court in writing within twenty days whether plaintiff has access to his legal

5  property.  Finally, the Clerk of the Court will be directed to send plaintiff a copy of the docket

6  sheet for this action.

7        Pursuant to <u>Woods</u>, <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en

8  banc), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), the court hereby once again

9  informs plaintiff of the following requirements for opposing a motion for summary judgment

10 pursuant to Fed. R. Civ. P. 56.[1]  Such a motion is a request for an order for judgment in favor of

11 the defendant without trial.  A defendant's motion for summary judgment will set forth the facts

12 that the defendant contends are not reasonably subject to dispute and that entitle the defendant to

13 judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her

14 claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on

15 plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that

16 plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the

17 complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or

18 declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who

19 signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may

20 rely on written records, but plaintiff must prove that the records are what plaintiff asserts they

21 are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to

22 interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the

23 defendant's evidence with counteraffidavits or other admissible evidence, the court may accept

24 defendant's evidence as true and grant the motion.  If there is some good reason why such facts

25 _____

26        [1] Plaintiff was informed of these requirements in an order filed May 19, 2011.

1    are not available to plaintiff when required to oppose a motion for summary judgment, the court

2    will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P.

3    56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to

4    postpone consideration of the motion, the court may consider the failure to act as a waiver of

5    opposition to the defendant's motion.  See L.R. 230(l).  If the court grants the motion for

6    summary judgment, whether opposed or unopposed, judgment will be entered for the defendant

7    without a trial and the case will be closed as to that defendant.

8                    In accordance with the above, IT IS HEREBY ORDERED that:

9                    1.   The findings and recommendations filed July 31, 2012 (Docket No. 53) are

10   vacated;

11                   2.   Within twenty days from the date of this order defendants shall inform the

12   court in writing of the status of plaintiff's access to his legal property;

13                   3.   Defendants' February 3, 2012 motion for summary judgment (Docket No. 41)

14   is denied without prejudice to its renewal within forty-five days from the date of this order;

15                   4.   Should defendants choose to renew their motion for summary judgment, they

16   shall serve on plaintiff all documents filed as part of the renewed motion or relied on to support

17   the motion;

18                   5.   Plaintiff's opposition to any renewed motion shall be filed and served not later

19   than thirty days after service of the renewed motion;

20                   6.   Defendants' reply brief, if any, shall be filed and served not later than fourteen

21   days after service of plaintiff's opposition;

22                   7.   Plaintiff's August 15, 2012 motion for extension of time (Docket No. 54) is

23   denied as moot;

24                   8.   Plaintiff's August 15, 2012 motion for copies (Docket No. 55) is denied

25   without prejudice; and

26   /////

1          9.  The Clerk of the Court is directed to send plaintiff a copy of the public docket

2    sheet for this action.

3    DATED: August 22, 2012.

4

5    _____

6    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10   DAD:12
     king2797.ntc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26