IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE STEPHEN KING,

      Plaintiff,                        No. 2:10-cv-2797 JAM DAD (PC)

    vs.

MIKE MCDONALD, et al.,           ORDER AND

      Defendants.            FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants Bigford and Carter have violated his rights to due process and to access the courts by destroying his legal materials while plaintiff was facing a court filing deadline. This matter is now before the court on defendants' October 8, 2012 motion for summary judgment, and on several motions filed by plaintiff, including a September 14, 2012 motion for injunctive relief (ECF No. 66), a motion to amend the complaint filed January 14, 2013 (ECF No. 77) and a motion for summary judgment also filed January 14, 2013 (ECF No. 78). In addition, on April 17, 2013, plaintiff filed a motion for reconsideration of the court's June 7, 2012 order disregarding a first amended complaint filed by him on April 30, 2012. (ECF No. 82.) Finally, on April 18, 2013, plaintiff filed a motion for court-ordered copies. (ECF No. 83).

I.  <u>Plaintiffs' Motions</u>

On July 28, 2011, this court issued a scheduling order in this action. (ECF No. 33.) In relevant part, that order set a deadline of February 3, 2012 for filing dispositive motions. (<u>See</u> Discovery and Scheduling Order filed July 28, 2011 (ECF No. 33) at 6.) On February 3, 2012, defendants timely filed a motion for summary judgment (ECF No. 41). Thereafter, plaintiff sought and received two thirty-day extensions of time to file an opposition to defendants' motion. (<u>See</u> Orders filed Mar. 13, 2012 (ECF No. 45) and Apr. 4, 2012 (ECF No. 48).) On April 30, 2012, plaintiff filed a first amended complaint. (ECF No. 49.) In an order filed June 7, 2012 (ECF No. 52), the court found that plaintiff had not sought leave of court to amend his complaint and that the time for the filing of pretrial motions had already closed. (<u>See</u> Order filed June 7, 2012 (ECF No. 52) at 2.) The court therefore ordered the first amended complaint disregarded. (<u>Id</u>. at 3.) As noted above, on April 17, 2013, plaintiff filed a motion for reconsideration of that order. Plaintiff has not shown a basis for relief from his delay in seeking leave to amend his complaint. His motion for reconsideration will therefore be denied.

In the June 7, 2012 order, the court also granted plaintiff one final period of thirty days in which to file an opposition to defendants' initial motion for summary judgment. <u>Id</u>. Plaintiff did not timely file an opposition to that motion. For that reason, on July 31, 2012, the court issued findings and recommendations recommending dismissal of this action pursuant to Fed. R. Civ. P. 41(b). (ECF No. 53.) On August 15, 2012, plaintiff filed a motion for a ninety day extension of time to file an opposition to defendants' motion for summary judgment. (ECF No. 54.) By order filed August 22, 2012, the court vacated the July 31, 2012 findings and recommendations, denied defendants' February 3, 2012 motion for summary judgment without prejudice to its renewal within forty-five days, and set a briefing schedule with respect to any such renewed motion. Order filed August 22, 2012 (ECF No. 58). Defendants renewed their motion for summary judgment on October 8, 2012.

/////

On November 15, 2012, plaintiff timely filed an opposition to defendants' motion for summary judgment. (ECF No. 74.) Thereafter, almost two months later, on January 14, 2013, plaintiff filed a motion for summary judgment and a motion to amend his complaint. (ECF Nos. 77 and 78.) However, these motions by plaintiff were filed almost a year after the deadline set by the court for the filing of dispositive motions in this action. Moreover, any cross-motion for summary judgment was due, if at all, with plaintiff's opposition to defendants' motion for summary judgment. See L.R. 230(e). Plaintiff's motions for summary judgment and for leave to amend are untimely and should therefore be denied.

As noted above, plaintiff has also filed a motion for injunctive relief (ECF No. 66). Therein, plaintiff seeks an order preventing defendants from "maliciously destroying" or confiscating his personal property. (Order to Show Cause for An [sic] Preliminary Injunction and a Temporary Restraining Order, filed Sept. 14, 2012 (ECF No. 66) at 2.) Plaintiff's motion arises from events that post-date the alleged events that gave rise to the claims set forth in his complaint, and includes allegations against individuals who are not named as defendants in this action.

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979)). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

/////

/////

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Therefore, because plaintiff's motion for injunctive relief involves events not at issue in this lawsuit and individuals who are not defendants herein, the motion should be denied..

Finally, on April 18, 2013, plaintiff filed a document styled "Order for Help to Get Copies Made." (ECF No. 83.) The court construes this submission as a motion for injunctive relief. As with plaintiff's September 14, 2012 motion, his April 18, 2013 motion is based on events unrelated to the underlying claims in this action and upon allegations against individuals who are not named as defendants herein. Plaintiff has made no showing that any alleged inability on his part to obtain copies is interfering with his ability to prosecute this action. Accordingly, this motion should be denied.

II. Defendants' Motion for Summary Judgment[1]

This action is proceeding on plaintiff's claims that defendants Carter and Bigford violated his constitutional rights to access the courts and to due process by confiscating his property. Defendants Carter and Bigford seek summary judgment on the grounds that: (1) there is no evidence that they interfered with plaintiff's right to access the courts; (2) any claim of interference with court access necessarily implies the validity of plaintiff's criminal conviction and sentence; and (3) plaintiff cannot state a claim for violation of his right to due process because the state has an adequate post-deprivation remedy for property loss. Defendants also contend they are entitled to qualified immunity.

/////
/////
/////

---

[1] On December 3, 2012, plaintiff filed a motion requesting that oral argument on this motion be held. (ECF No. 76.) Plaintiff's motion will be denied. See L.R. 230(l).

A. <u>Summary Judgment Standards Under Rule 56</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
>
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id.</u> Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See <u>id.</u> at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the

dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On August 22, 2012, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

B. Facts[2]

On October 7, 2009, plaintiff arrived at High Desert State Prison (High Desert) following his transfer from Salinas Valley State Prison (SVSP). (Ex. A to Decl. of Matthew Ross Wilson in Supp. of Defs.'s Mot. for Summ. J., filed Oct. 8, 2012 (Decl. of Wilson) (ECF No. 71-7), Dep. of Jesse Stephen King (Dep. of King) (ECF No. 71-8) at 12:22-23, 14:20-22.) Before he left SVSP, plaintiff's property was boxed up into five boxes. (Id. at 16:12-17:2.)[3] Each box was six cubic feet in size. (Id. at 17:3-4.)

Plaintiff was transferred by bus from SVSP to High Desert. (Id. at 14:6.) Plaintiff's property was placed on the bus with him. (Id. at 15:4-8.) While en route from SVSP to High Desert, the bus broke down and plaintiff spent one night at California State Prison-Corcoran (Corcoran). (Id. at 15:8-18.) When plaintiff went on to High Desert the next day, his property did not go with him. (Id. at 15:19-25.) It took approximately three weeks for plaintiff's property to arrive at High Desert. (Id. at 16:9-11.)

On November 3, 2009, plaintiff's property was issued to him at High Desert by defendant Bigford. (Ex. C to Decl. of Hanlon in Supp. of Defs.' Mot. for Summ. J., filed Oct. 8, 2012 (Decl. of Hanlon) (ECF No. 71-6) at 14.) Both defendants Bigford and Carter brought the boxes to plaintiff's cell. (Dep. of King (ECF No. 71-8) at 20:11-12.) Defendant Bigford "confiscated 32 compact disks, one ear bud, approximately 100 books, approximately 135 magazines, one extra Sony brand compact disk player, and Federal Express envelopes" as excess

---

[2] Except as expressly noted, the following facts are undisputed.

[3] In opposition to the motion, plaintiff states that he "believes" there were eight boxes. (See Pl.'s Opp'n to Defs.' Mot. for Summ. J., filed Nov. 15, 2012 (ECF No. 74) at 38.)

7

property. (Ex. E to Decl. of Hanlon (ECF No. 71-6) at 20.) Plaintiff appears to contend that at least some of this property was not his. (See Pl. Opp. (ECF No. 74) at 36) ("Never had 100 books or 135 magazines at Salinas Valley."). Plaintiff did not have sufficient funds to mail the property out of the prison, so the property was deemed donated to High Desert. (Id.; Ex. F to Decl. of Hanlon (ECF No. 71-6) at 24.)

On November 3, 2009, two boxes of plaintiff's property were taken to the Receiving and Release unit at High Desert to permit sorting of legal papers from trash. (Id.) On November 15, 2009, the two boxes, containing the contents of one and a half boxes, were stored "pending court deadline." (Id.) On January 2, 2010, plaintiff sorted the contents of the two boxes into one, and that box was stored as legal material. (Id.) High Desert has a law library for inmate use and plaintiff uses this library. (Dep. of King at 42:14-18.)

Plaintiff's appeal from his criminal conviction "was over with about four years ago." (Id. at 50:22-24.) In response to defense interrogatories, plaintiff responded that he had suffered injury as a result of the loss of his legal property because he is "fifteen year innocent of homicide without family visits for ten years." (Ex. C to Decl. of Wilson (ECF No. 71-8) at 46.) Plaintiff also responded in discovery that he had suffered injury to "contemplated litigation" because he could not challenge a fine and could not discover exculpatory evidence, including Brady material retained by the district attorney, which would have led to the overturning of his criminal conviction and his sentence. (Id. at 48.) He also responded that he had "suffered actual prejudice in existing litigation" in a family law action in Riverside in that he had not been able to "serve mother of Kayla Lauren for child visits or negligence." (Ex. C to Decl. of Wilson (ECF No. 71-8) at 31.)

C. Analysis

1. Interference with Access to the Courts

Defendants seek summary judgment in their favor on plaintiff's claim of interference with access to the courts on the grounds that there is no evidence that they denied

8

plaintiff access to the courts or that plaintiff suffered any actual injury to his right of access to the courts by the manner in which defendants processed plaintiff's legal material.

In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. Lewis v. Casey, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356. To defeat summary judgment for defendants, plaintiff must present evidence, sufficient to create a genuine issue of material fact, that defendants by their acts prevented him from bringing, or caused him to lose, an actionable claim of this type. Id.

Plaintiff has not met his burden of demonstrating that defendants' actions with respect to his property interfered with plaintiff's right to access the courts. While plaintiff suggests generally that his right to challenge his criminal conviction was hampered, he presents no evidence to support these general assertions. Indeed, the evidence tendered by plaintiff with his opposition shows that in December of 2011, the San Bernardino County Superior Court denied a motion for transcripts he filed in that court on the ground that plaintiff had previously filed a petitioner for writ of habeas corpus that was "denied by the Appellate Court on May 7, 2010" and therefore plaintiff had "not demonstrated the need" for his transcripts. (Ex. B to Pl. Opp. (ECF No. 74) at 66.) Moreover, the records of the California Supreme Court[4] reflect that the petition filed on petitioner's behalf seeking review of his criminal conviction was denied on January 13, 2000. See http://appellatecases.courtinfo.ca.gov, Case No. S083336. Since then, petitioner has filed thirty-one habeas corpus actions in the California Supreme Court, including a petition filed on March 1, 2010. Id., Case No. S180618.

---

[4] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

There is simply no evidence before this court on summary judgment suggesting that defendants Bigford or Carter interfered with plaintiff's constitutional right to access the courts. Defendants are therefore entitled to summary judgment in their favor with respect to this claim.

2. Deprivation of Property

Plaintiff's second claim arises from the confiscation of his personal property. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the alleged deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff has not attempted to seek redress by utilizing the postdeprivation remedies provided under state law, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. Therefore Defendants are entitled to summary judgment in their favor with respect to this claim as well.[5]

---

[5] Since the evidence before the court on summary judgment establish that the defendants did not violate plaintiff's constitutional rights, defendants are also entitled to qualified immunity. See Lacey v. Maricopa County, 649 F.3d 1118, 1131 (9th Cir. 2011) ("In the § 1983 context, determining whether a defendant is entitled to qualified immunity involves a two-pronged analysis. First, '[t]aken in the light most favorable to the party asserting the injury, do the facts

III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 3, 2012 motion for oral argument (ECF No. 76) is denied;

2. Plaintiff's April 17, 2013 motion for reconsideration (ECF No. 82) is denied; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's September 14, 2012 motion for injunctive relief (ECF No. 66) be denied;

2. Defendants' October 8, 2012 motion for summary judgment (ECF No. 71) be granted;

3. Plaintiff's January 14, 2013 motion to amend (ECF No. 77) be denied;

4. Plaintiff's January 14, 2013 motion for summary judgment (ECF No. 78) be denied;

5. Plaintiff's April 18, 2013 motion for copies (ECF No. 83) be construed as a motion for injunctive relief and, so construed, be denied; and

6. Judgment be entered for defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

---

alleged show the officer's conduct violated a constitutional right?' Saucier v. Katz, 533 U.S. 194, 201 (2001), *overruled in part by* Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 818 (2009). [Footnote omitted.] Second, we must ask 'whether the right was clearly established.' Id. A right is clearly established if 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' Id. at 202, 121 S.Ct. 2151. If we answer either of the two inquiries in the negative, then the officer's conduct is protected by qualified immunity.") (parallel citations omitted in part)

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 30, 2013.

/s/ Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
king10cv2797.msj