UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE STEPHEN KING, | No. 2:10-cv-2797 JAM DAD P |
| Plaintiff, | |
| v. | ORDER AND |
| MIKE MCDONALD, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state a state prisoner proceeding pro se with a civil rights action. On July 11, 2013, the district court entered an order granting defendants' motion for summary judgment and denying plaintiffs' motions for summary judgment, to amend, and for injunctive relief. (ECF No. 93.) Judgment was entered on the same day. (ECF No. 94.) On July 30, 2013, plaintiff filed a document styled "Opposition to Order of Judgment." (ECF No. 96.) On August 5, 2013, defendants filed an opposition to the document filed by plaintiff. (ECF No. 101.) On the same day, plaintiff filed a notice of appeal from the district court's July 11, 2013 order and judgment thereon. (ECF No. 102.)

On September 4, 2013, this court entered an order finding plaintiff's July 30, 2013 filing to be too vague and conclusory to require or support further consideration and ordering the document disregarded. (ECF No. 105.) It has now come to the court's attention that on August 9, 2013, the United States Court of Appeals for the Ninth Circuit entered an order construing the

1

document filed by plaintiff with this court as "a timely filed motion listed in Federal Rule of Appellate Procedure 4(a)(4)" and holding plaintiff's appeal in abeyance pending resolution of that motion by the district court. (ECF No. 108.) The Ninth Circuit's order, however, was not entered on the docket in this action until October 9, 2013. See id. Good cause appearing, this court's September 4, 2013 order that plaintiff's July 30, 2013 filing be disregarded will be vacated and this court will make findings and recommendations with respect to plaintiff's July 30, 2013 motion.

Federal Rule of Appellate Procedure 4(a)(4) includes motions pursuant to Fed. R. Civ. P. 60(b) in the list of motions the pendency of which delay the time for filing a notice of appeal until resolution thereof. Fed. R. App. P. 4(a)(4)(vi). In view of the order from the Ninth Circuit Court of Appeals, the court now construes plaintiff's July 30, 2013 filing as a motion brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. That rule provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . . . ; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff makes several contentions in his motion. First, he objects to the court's denial of leave to amend his complaint on the ground that Mike McDonald is no longer the Warden of High Desert State Prison (High Desert) and Robert L. Gower is now the Warden of that institution. In this regard, the court declined to grant plaintiff leave to proceed on his first amended complaint plaintiff tendered in April 30, 2012 on the grounds that plaintiff had not sought leave of court to amend his complaint and his first amended complaint was filed well past the deadline set in this action for filing dispositive motions. (See Order and Findings and Recommendations filed May 1, 2013 (ECF No. 85) at 2.) Thereafter, the court declined to reconsider that order on the ground that plaintiff had not shown a basis for relief from his delay in seeking leave to amend the complaint. (See id.) Plaintiff's contention that there is now a new

warden at High Desert neither explains his delay nor demonstrates entitlement to relief from those orders.

Plaintiff also objects to entry of summary judgment in favor of defendants Bigford and Carter. First, plaintiff apparently contends that he should have been granted leave to amend his complaint. This argument is inapposite, as the decision to grant defendants' motion for summary judgment was not based on defects in the allegations of the operative complaint but on the evidence before the court on the parties' cross-motions for summary judgment.

Second, plaintiff contends that summary judgment should have been denied on his second claim for relief arising from the deprivation of his personal property because he filed a state tort claim which was rejected by the State Government Claims Board. The question of whether plaintiff may bring a federal civil rights claim for deprivation of property turns, in this case, on whether the state provides a meaningful post-deprivation remedy for the loss (see Order and Findings and Recommendations filed May 1, 2013 (ECF No. 85) at 10), not on whether or not relief is actually obtained through that remedial process. See Hudson v. Palmer, 468 U.S. 517, 531-33 & n. 11 (1984).[1] Plaintiff has not shown entitlement to relief from the judgment in favor of defendants on this claim.

Plaintiff also contends that defendant Carter destroyed 125 of plaintiff's "personal legal books and court transcripts." (Opposition filed July 30, 2013 (ECF No. 96) at 17.) This assertion does not address plaintiff's failure to demonstrate that defendants' alleged actions interfered with his constitutional right to challenge his criminal conviction. Nor does it contravene this court's findings that before any of the events at issue in this civil rights action, plaintiff challenged his criminal conviction through the direct appeal process to the California Supreme Court and that since January 2000, when that appeal was denied, he has filed thirty-one habeas corpus petitions in that Court. (See Order and Findings and Recommendations filed May 1, 2013 (ECF No. 85), at 9.)

/////

---

[1] Put another way, this is not a question of whether plaintiff failed to properly exhaust his claim through use of available state procedures.

Plaintiff makes a number of other assertions in his motion concerning just compensation, privacy, and retaliation, none of which demonstrate that plaintiff is entitled to relief from the judgment entered on the claims raised in this action.  Plaintiff also raises arguments concerning the application of Heck v. Humphrey, 512 U.S. 477 (1994) in this case.  However, the court did not rely on the decision in Heck in granting defendants' motion for summary judgment and such arguments do not demonstrate plaintiff's entitlement to relief from the judgment entered in this action.

For all of the foregoing reasons, IT IS HEREBY ORDERED that this court's September 4, 2013 order (ECF No. 105) is vacated; and

IT IS HEREBY RECOMMENDED that plaintiff's July 30, 2013 "opposition" be construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and, so construed, that the motion be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 11, 2013

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
king10cv2797.60b

4