1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JESSE STEPHEN KING,                          No.  2:10-cv-2797 JAM DAD P

12                  Plaintiff,

13          v.                                     ORDER

14   MIKE McDONALD, et al.

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with an action for alleged violations of his

18   civil rights, pursuant to 42 U.S.C. § 1983.  On June 19, 2014, plaintiff filed a motion to vacate

19   pursuant to Federal Rule of Civil Procedure 60(b).  Although the motion is not entirely clear, the

20   court construes the target of the motion to be the court's decision to grant summary judgment in

21   favor of defendants Carter and Bigford and enter judgment against plaintiff on all claims.  (Docs.

22   No. 93, 94.)

23          Plaintiff seeks to vacate the court's judgment on the basis of newly discovered evidence

24   that he believes supports his claim that the defendants, both correctional officers, unlawfully

25   deprived him of his personal property.  The new evidence comes in the form of affidavits by two

26   fellow prisoners who witnessed the defendants' alleged destruction of plaintiff's personal

27   property.  (See Motion (Doc. No. 124) at 2, 38, and 40.)

28   ////

                                                   1

A motion for relief under Rule 60(b)(2) on the basis of newly discovered evidence requires the moving party to show that the evidence "(1) existed at the time of trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990) (citation omitted).

Without ruling on the first two factors, the court finds that this motion fails under the third. The court granted summary judgment on the claim for deprivation of personal property because plaintiff had an adequate post-deprivation remedy under California law. (See Findings and Recommendations (Doc. No. 85) at 10; Order Adopting Findings and Recommendations (Doc. No. 93).) "[W]here the state provides a meaningful post deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause." (Findings and Recommendations at 10 (relying on Hudson v. Palmer, 468 U.S. 517, 533 (1984)).) The court found no evidence of an *authorized* deprivation of property; therefore dismissal of the claim was appropriate. The Ninth Circuit affirmed this court's judgment on the same ground. (USCA Memorandum (Doc. No. 125) at 2 (citing Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).) Plaintiff's newly obtained affidavits from witnesses to the alleged deprivation of his personal property would not have changed the application of that rule of law to dismiss his claim. In other words, plaintiff has made no showing that these sworn declarations would have had any effect on the final disposition of his case. Therefore the motion to vacate judgment on the basis of newly discovered evidence is without merit.

Finally, plaintiff has attached a written statement from a prisoner attesting to the alleged inadequacy of inmates' access to the prison library at High Desert State Prison and of the legal materials there. (See Motion at 33-34.) The statement is not signed, sworn or dated and is therefore of little reliability. Moreover, plaintiff makes no showing that because of inadequate library access or materials he was prejudiced or hindered in pursuing his claims in this case. See Lewis v. Casey, 518 U.S. 343, 348-51 (1996). Therefore, to the extent plaintiff seeks relief from judgment on the basis of this third, unsworn declaration, his motion fails.

////

Accordingly, IT IS HEREBY ORDERED that:

1.  The motion to vacate (Docket No. 124) is denied.

2.  This case be closed.

DATED:  March 20, 2015

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE